IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AMBER SCHMIDT MEDINA, et al. | § | |
| | § | |
| VS. | § | NO. A-19-CV-109-RP |
| | § | |
| PARKSIDE LENDING LLC, et al. | § | |

**ORDER**

Before the Court is the Plaintiffs' Motion to Compel Verifications to Discovery Responses (Dkt. No. 71); Defendants' Response (Dkt. No. 72); and Plaintiffs' Reply (Dkt. No. 73). The District Court referred the Motion to the undersigned Magistrate Judge for disposition.

This is a wrongful foreclosure case, where Plaintiffs Amber Medina and her parents Pamela and Jerome Schmidt are proceeding pro se. They have sued Parkside Lending LLC and Cenlar FSB. Plaintiffs raise two complaints in their motion to compel: (1) Defendants have failed to properly verify their interrogatory responses as required by Rule 33; and (2) Defendants have failed to identify persons within their corporations with knowledge of the facts of the case. Plaintiffs contend that despite many attempts to contact Defendants' counsel about the issues they remain unresolved.

Defendants respond that on the same day Plaintiffs' Motion to Compel was filed, Defendant Cenlar served amended responses to Plaintiffs' interrogatories that were verified by Cenlar. Defendants maintain that this moots Plaintiffs' motion. Additionally, Defendants assert that they have adequately responded to Plaintiffs' request for the names of individuals at Cenlar and Parkside with knowledge of Plaintiffs' claims, particularly given that most of the information related to the Plaintiffs' claims must be compiled from company files and records, not individuals. Additionally, Cenlar maintains that the signatory to the amended discovery answers (Vice President Diane McCormick) is the corporate officer designated by Cenlar to answer and verify the discovery

requests, and she is an appropriate and proper person to do so. Parkside did not verify its responses. Plaintiffs did not submit copies of the discovery responses in issue, though their motion does include the text of their interrogatories and the Defendants' responses. From this it appears that each Defendant's response included objections to the interrogatories.

When served with interrogatories, responding parties must either answer or object. FED R. CIV. P. 33(b); *see, e.g., Heller v. City of Dallas*, 303 F.R.D. 466, 485 (N.D. Tex. 2014). While discovery responses must be signed and verified under oath by the responding party, objections need only be signed by the attorney making them. FED. R. CIV. P. 33(b)(3), (5) ("[T]he attorney who objects must sign any objections."). Though Plaintiffs did not submit copies of the responses, it appears from what *is* before the Court that Defendants' attorney apparently signed the documents containing the objections to the interrogatories. Therefore, Plaintiffs' argument that the original interrogatory responses were insufficient because not signed under oath, is misplaced, as the original responses only contained legal objections. FED. R. CIV. P. 33(b)(3), (5); *Superior Sales W., Inc. v. Gonzalez*, 335 F.R.D. 98, 103 (W.D. Tex. 2020). Additionally, when Cenlar submitted amended responses it verified them. Plaintiffs have not attached these amended discovery responses, so the Court is unaware of their content. However, to the extent Plaintiffs argue that this verification is not adequate because the prior iteration of Cenlar's responses were not verified, this argument carries no weight. Diane McCormick's signed verification, submitted by Plaintiffs as an exhibit to their Reply, satisfies the requirements of Rule 33. While Parkside has not submitted a verification, there is no information before the Court suggesting that Parkside submitted amended discovery responses that contained substantive responses. As already noted, if its only response to the interrogatories is one or more legal objections, its attorney's signature is sufficient.

As to their complaint that Defendants have failed to adequately identify individuals at the two financial institutions with personal knowledge of their case, it is unclear what precisely the Plaintiffs are complaining about. They reference Rule 26(a) in their motion, suggesting that they are complaining that the Defendants have not fulfilled the "initial disclosure" obligations of Rule 26(a)(1), which, among other things, requires parties to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." FED. R. CIV. P. 26(a)(1)(i).[1] Alternatively, they may be complaining about the adequacy of the Defendants' response to the first interrogatory sent to each, which requests the identity of persons who assisted in responding to the interrogatories. If it is the former, the issue is moot, as the Defendants' have responded to Interrogatory 2. If it is the latter, the Defendants respond that the signatory of the verification—Diane McCormick—is the person who compiled the information in the interrogatory, and that much of the data relevant to the case comes from files, not individuals. Again, this is sufficient for purposes of a response to Interrogatory No. 1.

Finally, as Defendants note, Plaintiffs are entitled to take a deposition of each of the Defendant corporations pursuant to Rule 30(b)(6) by identifying "with reasonable particularity the matters for examination." FED. R. CIV. P. 30(b)(6). Thereafter, the named organization must "designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will

---

[1] The second interrogatory sent to each defendant asked for essentially the same information. Dkt. No. 71 at 3-6.

testify." *Id.* Further, a party may serve notice of a deposition on written questions directed to an organization, which includes a "public or private corporation," or to an individual at an organization such as "Custodian of Records of Cenlar, FSB" or "Custodian of Records of Parkside Lending, LLC." It appears to the Court that Plaintiffs may be better served in obtaining the information they seek through one or both of these means.

But, because the Defendants' interrogatory responses are adequate under the Federal Rules, Plaintiffs' Motion to Compel Verifications to Discovery Responses (Dkt. No. 71) is **DENIED**.

SIGNED this 5th day of January, 2021.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE