UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| AMBER BROOKE SCHMIDT § <br> MEDINA, PAMELA MESSER § <br> SCHMIDT, JEROME PAUL § <br> SCHMIDT, § <br> *Plaintiffs* § <br> § <br> v. § <br> § <br> PARKSIDE LENDING LLC, § <br> CENLAR FSB, § <br> *Defendants* § | No. A-19-CV-00109-RP |

# ORDER

Before the Court is Plaintiffs Amber Brooke Schmidt Medina, Pamela Messer Schmidt, and Jerome Paul Schmidt's Motion for Leave for Modified Foreign Subpoena of Trial Witness Under FRCP 45, Dkt. 99, Defendants' Response and Motion to Quash Trial Subpoena, Dkt. 100, and all associated responses and replies.

In this case, Plaintiffs seek damages from what they allege was the wrongful forceclosure and sale of their home. They are proceeding pro se and trial is set before United States District Judge Robert Pitman next month.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiffs seek leave to "modify" a subpoena of Dana McCormick, who is located in Ewing Township, New Jersey. Dkt. 99-1. McCormick is an employee of Defendant CENLAR, FSB, and verified various interrogatory responses in this case. Defendants object to the subpoena and move to quash it, arguing that: (1) Plaintiffs have never listed McCormick as a trial witness as required by Rule 26; (2) the subpoenaed witness is

1

outside the Court's subpoena powers as defined in Rule 45(c)(1); and (3) the subpoena is incomplete and does not include a time and place for compliance. Dkt. 100.

With regard to Plaintiffs' request to "amend" the subpoena pursuant to Rule 15, Rule 15 applies to "pleadings," and the subpoena in issue is not a "pleading" as defined by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 7 (defining a "pleading" as a complaint and an answer). Accordingly, a subpoena may not be "amended" under Rule 15. What Plaintiffs in effect seek is that the undersigned amend the Federal Rules of Civil Procedure and allow them to subpoena a trial witness who is outside the geographical reach of the Court, which it cannot do.

Rule 45 provides that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that ... requires a person to comply beyond the geographical limits specified in Rule 45(c)." Fed. R. Civ. P. 45(d)(3)(A)(ii). Rule 45(c) limits the subpoena power to "command a person to attend a trial ... only ... (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) ... would not incur substantial expense." *Id*. 45(c)(1). Plaintiffs have not shown that McCormick resides, works, or regularly transacts business in person in Texas or within 100 miles of this Court. McCormick is outside the subpoena power of the Court, and her trial subpoena should be quashed.

It is therefore ORDERED that Plaintiffs Amber Brooke Schmidt Medina, Pamela Messer Schmidt, and Jerome Paul Schmidt's Motion for Leave for Modified Foreign Subpoena of Trial Witness Under FRCP 45, Dkt. 99, is DENIED and that Defendants' Motion to Quash Trial Subpoena, Dkt. 100, is GRANTED.

SIGNED June 28, 2022.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATGE JUDGE